# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No.: | 2:21-cv-03808 SB (JCx) | Date: | 6/24/2021 |
|---|---|---|---|

| Title: | *Bristol Capital Investors, LLC v. Cannapharmarx Inc. et al.* |
|---|---|

| Present: The Honorable | **STANLEY BLUMENFELD, JR., U.S. District Judge** |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **ORDER GRANTING MOTION TO REMAND (DKT. NO. 16)**

Before the Court is Plaintiff Bristol Capital Investors, LLC's Motion to Remand. Dkt. No. 16 (Mot.). Defendant Cannapharmarx Inc. filed an opposition. Dkt. No. 22 (Opp.); *see* Dkt. No. 23 (Reply).

## I.

Plaintiff filed this action in Los Angeles Superior Court, alleging causes of action for fraud, breach of contract, negligent misrepresentation, and breach of the covenant of good faith and fair dealing. Dkt. No. 1 (Notice) ¶ 7; *see* Dkt. No. 1-1 (Compl.). Plaintiff claims that Defendant induced Plaintiff to enter into an agreement to purchase Plaintiff's limited liability company (LLC) interest in an entity for $10.5 million without any intentions of closing the deal. Mot. 5.

Defendant removed the case to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Notice ¶ 8. To establish diversity, Defendant identified Plaintiff as "a single member limited liability company" registered to do business in New Jersey. Notice ¶ 9. The notice further states that Plaintiff's sole

member is another LLC, JWS Advisors LLC, whose own sole member is "an individual by the name of Jason Sanders who is a citizen of the State of California." Notice ¶¶ 10, 12. Defendant is a corporation, incorporated in Delaware with a principal place of business in Canada. Notice ¶ 14.

Plaintiff now moves to remand this matter back to Los Angeles Superior Court. For the reasons below, the Court **GRANTS** Plaintiff's motion.

## II.

Any civil action brought in state court may be removed to federal court on the basis of federal question or diversity jurisdiction. 28 U.S.C. § 1441(a). A district court must remand a case to state court if, at any time before final judgment, the court finds that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship between the adverse parties and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). The removing party bears the burden of showing removal is proper. *Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992).

For the purposes of determining diversity jurisdiction, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Consequently, complete diversity requires that each member of an LLC be diverse. *Hemingways Condo. Ass'n, Inc. v. Savello, LLC*, No. 1:19-cv-00414-SRB-WJE, 2020 WL 476364, at *1 (D. Idaho Jan. 29, 2020) ("The removing party must demonstrate complete diversity among the parties, including the individual members of any partnerships or limited liability corporations.").

## A.

Plaintiff seeks remand on the basis that Defendant failed to meet its burden of establishing diversity, filing a notice of removal rife with errors. Mot. 2-4. In particular, the notice states that (1) Plaintiff is an LLC that "has one member, JWS Advisors LLC"; (2) "JWS Advisors LLC is a single member limited liability company"; and (3) "JWS Advisors LLC's sole member is an individual by the name of Jason Sanders who is a citizen of the State of California." Mot. 8 (quoting Notice ¶¶ 9-12). But Plaintiff notes this is all incorrect. In reality, Plaintiff is an LLC with multiple members (not one member), its managing member is JWS Advisors, LLC (a different entity, with a comma between "Advisors" and "LLC"), and JWS's managing member is Joel W. Stoesser, a New Jersey resident (not Jason

CV-90 (12/02) CIVIL MINUTES – GENERAL Initials of Deputy Clerk VPC

2

Sanders, a California resident).  Mot. 8-10; *see, e.g.*, Dkt. No. 16-1 (Stoesser Decl.) ¶¶ 1-6.

"To establish the citizenship of a limited liability company, Defendant must, at a minimum, allege the citizenship of all members of the limited liability company." *De Leon v. Aurora Loan Servs.*, No. CV 09-8389-JFW CTX, 2009 WL 5065254, at *1 (C.D. Cal. Dec. 15, 2009).  As Plaintiff notes (and Defendant does not dispute), the notice of removal falls short of identifying the citizenship of *any* of Plaintiff's multiple members.  And the one member that the notice does identify is the wrong entity (albeit with a similar name).  Thus, the notice of removal fails to show that this matter is removable.  *See Solberg v. NDEx W., L.L.C.*, No. C 10-4600 SBA, 2011 WL 1295940, at *3 (N.D. Cal. Mar. 31, 2011) (remanding action when neither the complaint nor removal notice "identifie[d] any of [a defendant LLC's] members or provide[d] any facts regarding their citizenship").

**B.**

In its opposition, Defendant does not deny that its notice is entirely erroneous.  Rather, Defendant offers a new rationale for why there nevertheless "is complete diversity between the parties."  Opp. 2.  Defendant provides a Form D submitted to the Securities and Exchange Commission in 2002 by Plaintiff in connection with a sale of securities.  Dkt. No. 22-3.  This filing shows that Plaintiff possessed seven accredited investors—6 in New Jersey and 1 in Oklahoma as of December 24, 2002.  *Id.* at 10.  Defendant also provides a screenshot of the SEC's EDGAR database, showing that Plaintiff has only filed one Form D with the SEC.  Dkt. No. 22-4.  The opposition appears to argue that this evidence, taken together, shows that Plaintiff has only conducted one offering of securities since 2002.  Opp. 2-3.  With virtually no explanation, Defendant contends this constitutes "sworn, documentary evidence of the diversity of this action."  Opp. 3.

The Court notes that this ground for jurisdiction was raised well after the thirty-day window for removal, which appears to have begun when the complaint was filed on April 14, 2021.  *See* Dkt. No. 1-1; 28 U.S.C. § 1446(b)(1).  Though Defendant offers no discussion of the issue, an opposition may be construed as an amendment to a notice of removal.  *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002).  After the thirty-day period for removal, a party cannot amend its notice, via an opposition or otherwise, "to add allegations of substance but solely to clarify 'defective' allegations of jurisdiction previously made."  *Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (9th Cir. 1969).  Here, even if

Defendant's total revision were considered to be a nonsubstantive amendment, the opposition still would fail to carry Defendant's burden of showing diversity.

Defendant contends that the 2002 Form D and screenshot from the EDGAR database conclusively establish Plaintiff's current membership—seemingly on the theory that any change in membership would have been accompanied by a new Form D filing. Opp. 2-3. But this argument is made with no citation to authority or meaningful explanation. And as Plaintiff's reply notes, the lack of any subsequent Form D filings is not dispositive of the number of offerings Plaintiff has had. Reply 4-5. Regulation D is not the exclusive method of conducting an exempt offering of securities. 17 C.F.R. § 230.500(c) ("Attempted compliance with any rule in Regulation D does not act as an exclusive election; the issuer can also claim the availability of any other applicable exemption."). Nor is filing a Form D an absolute condition to invoke Regulation D's safe harbors. *Chanana's Corp. v. Gilmore*, 539 F. Supp. 2d 1299, 1304 (W.D. Wash. 2003) ("Rather than removing the exemption, the consequence of failing to file a Form D is disqualification from making *future offerings* under the rules.").

Defendant also emphasizes that Plaintiff did not disclose the names of its non-managing members in its notice of interested parties. Opp. 3; *see* C.D. Cal. L.R. 7.1-1; Dkt. No. 12 (stating Plaintiff "is a multi-member limited liability company" that "is prevented by contract and privacy concerns from disclosing the names of its non-managing members"). According to Defendant, Plaintiff should have complied with this local rule, because doing so would have provided "a list of persons that could be referenced as to their citizenship and whether they are citizens of the state of Delaware." Opp. 4. But regardless of the propriety of Plaintiff's notice of interest, the potential lack of a compliant notice does not impact the Court's analysis for purposes of a motion to remand. *See Silverstein v. Keynetics*, Inc., No. LA CV18-04100 JAK (AGRx), 2018 WL 5795776, at *6 (C.D. Cal. Nov. 5, 2018) ("There is no clear connection between [a motion to remand] and the stated purpose of Local Rule 7.1-1, which concerns attorney disqualification or recusal."). Local Rule 7.1-1 does not displace the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant." *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam).

At bottom, Defendant provides no reason to conclude that a nearly twenty-year-old securities filing is probative of Plaintiff's current membership, much less sufficient to meet Defendant's burden of proof and overcome the "'strong presumption' against removal jurisdiction." *Gaus*, 980 F.2d at 566-67 (citation

omitted). In light of the defective notice of removal and deficient evidence of diversity in the opposition, the Court concludes that remand is appropriate. *Id.* ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

## C.

Assuming that remand is proper, Plaintiff requests an award of attorney's fees. When a federal court remands a previously removed case, the "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Absent unusual circumstances, courts may award attorney fees only when the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

The Court declines to award fees and costs. "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit and the removal is ultimately unsuccessful." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) (denying fees and costs despite noting there was "no question" that the defendant's "arguments were losers"). Here, there is no indication that this matter was removed in bad faith or in clear contradiction to settled law. The notice of removal's errors appear to be largely based on Defendant's confusion of entities with nearly identical names and its inability to readily obtain correct information due to the confidentiality of Plaintiff's non-managing members. Remand is appropriate simply because Defendant failed to meet their burden of proving complete diversity.

## III.

Neither the notice of removal nor the opposition offers a proper basis for removal. Thus, Plaintiff's motion is **GRANTED** (other than the fee request), and this matter is hereby **REMANDED** to Los Angeles Superior Court.